FILED

MAY 17 2022

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAYCE ALLEN HOLBEN, III,<br>TAMMY TARMON, and<br>BRITTANY TARMON,<br><br>Defendants. | Criminal No. 3:22cr35<br><br>Violations: 18 U.S.C. § 2<br>18 U.S.C. § 922(a)(6)<br>18 U.S.C. § 924(a)(2)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(C)<br>21 U.S.C. § 846 |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

(False Statement During Purchase of a Firearm)

On or about January 18, 2021, in Berkeley County, in the Northern District of West Virginia, defendant **JAYCE ALLEN HOLBEN, III**, in connection with the acquisition of a firearm, that is a Akkar, Model Churchill 612, 12 gauge shotgun, bearing serial number 20067749, from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code (referred to as a FFL), knowingly made a false and fictitious written statement to a FFL, which statement was intended and likely to deceive a FFL, as to a fact material to the lawfulness of such sale of the said firearm to defendant **JAYCE ALLEN HOLBEN, III**, under chapter 44 of Title 18, in that the defendant represented he was the actual purchaser of the firearm, when in fact, he was not the true purchaser of the firearm; in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT TWO

(Conspiracy to Possess with Intent to Distribute and to Distribute Heroin and Fentanyl)

From on or about November 1, 2020, to on or about February 7, 2021, in Berkeley County, in the Northern District of West Virginia, and elsewhere, defendants **JAYCE ALLEN HOLBEN, III**, **TAMMY TARMON**, and **BRITTANY TARMON**, did unlawfully, knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other and others, to violate Title 21, United States Code, Section 841(a)(1). It was a purpose and object of the conspiracy to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

## COUNT THREE

(Distribution of Fentanyl)

On or about January 13, 2021, in Berkeley County, in the Northern District of West Virginia, defendant **BRITTANY TARMON**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

(Aiding and Abetting Distribution of Fentanyl)

On or about January 26, 2021, in Berkeley County, in the Northern District of West Virginia, defendants **JAYCE ALLEN HOLBEN, III,** and **TAMMY TARMON**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT FIVE

(Distribution of Fentanyl)

On or about January 28, 2021, in Berkeley County, in the Northern District of West Virginia, defendant **JAYCE ALLEN HOLBEN, III**, did unlawfully, knowingly, intentionally, and without authority distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for a sum of United States currency; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

# FORFEITURE ALLEGATION

*Controlled Substance Act*

Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offense, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense, including but not limited to an Akkar model #812, 12 gauge shotgun, bearing serial number 20067749.

*Gun Control Act*

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d)(1), the government will seek the forfeiture of any firearm and any ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924(c)(1)(A), including but not limited to an Akkar model #812, 12 gauge shotgun, bearing serial number 20067749.

A true bill,

/s/
Grand Jury Foreperson

/s/
WILLIAM J. IHLENFELD, II
United States Attorney

Lara K. Omps-Botteicher
Assistant United States Attorney